**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1972

RAFAT EQAB FAYEZ HELA OMAR; RANIA MOHAMMAD FARHAN OMAR; A.
F. E. F. OMAR; L. R. E. F. OMAR,

                Petitioners,

        v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: July 10, 2012          Decided: August 3, 2012

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition dismissed in part, denied in part by unpublished per
curiam opinion.

David E. Piver, THE LAW OFFICES OF DAVID E. PIVER, Wayne,
Pennsylvania, for Petitioners. Tony West, Assistant Attorney
General, Douglas E. Ginsburg, Assistant Director, Benjamin Mark
Moss, Office of Immigration Litigation, UNITED STATES DEPARTMENT
OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rafat Eqab Fayez Hela Omar ("Rafat Omar"), his wife, Rania Mohammad Farhan Omar, and their minor children, A.F.E.F. and L.R.E.F., (collectively "Petitioners"), natives and citizens of Jordan, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's denial of their requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In their brief on appeal, the Petitioners argue that Rafat Omar filed his asylum application within a reasonable time after learning of his father-in-law's death, and the agency therefore should have deemed his asylum application timely under the changed circumstances exception to the one-year deadline. See 8 U.S.C. § 1158(a)(2)(D) (2006). We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2006), and find that the Petitioners have failed to raise a constitutional claim or colorable question of law that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2006). See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Given this jurisdictional bar, we cannot review the underlying merits of their asylum claims. Accordingly, we dismiss this portion of the petition for review.

The Petitioners also contend that the agency erred in denying their applications for withholding of removal. "Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that [his or] her life or freedom would be threatened in the country of removal because of [his or] her race, religion, nationality, membership in a particular social group, or political opinion." Gomis, 571 F.3d at 359 (citations omitted); see 8 U.S.C. § 1231(b)(3) (2006). Based on our review of the record, we conclude that substantial evidence supports the denial of relief. We therefore deny this portion of the petition for review for the reasons stated by the Board. See In re: Omar (B.I.A. Aug. 11, 2011).

Accordingly, we dismiss the petition for review in part and deny the petition for review in part.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART

---

[*] The Petitioners have failed to raise any challenges to the denial of their request for protection under the Convention Against Torture. They have therefore waived appellate review of this claim. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004).